UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | 5:01-CR-20(2) |
| | § | |
| SUSAN MARIE BROWN | § | |

**REPORT AND RECOMMENDATION OF**
**THE UNITED STATES MAGISTRATE JUDGE**

On October 11, 2007, the Court held a hearing on the Government's Petition to Revoke Supervised Release. The Government was represented by Assistant United States Attorney Denise Simpson. Defendant was represented by Wayne Dickey.

Susan Marie Brown was sentenced on December 19, 2001 before the Honorable David Folsom of the Eastern District of Texas after pleading guilty to the offense of Possession of a Controlled Substance with Intent to Distribute, a Class B felony. The offense carried a statutory maximum imprisonment term of 40 years. The guideline imprisonment range, based on a total offense level of 23 and a criminal history category of III, was 60 to 71 months. Susan Marie Brown was subsequently sentenced to 60 months imprisonment followed by 4 years supervised release subject to the standard conditions of release, plus special conditions to include drug treatment. On August 3, 2006, Susan Marie Brown completed her period of imprisonment and began service of the supervision term.

On February 6, 2007, the instant petition to revoke was filed. In its petition, the Government alleges Defendant violated the following conditions:

1) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia to any controlled substance,

except as prescribed by a physician.  Specifically, the Government alleges as follows.  Ms. Brown submitted a urine specimen on September 6, 2006, which tested positive for cocaine.

2) Defendant shall report to the probation officer as directed by the Court or probation officer and shall submit a truthful and complete written report within the first five days of each month. Specifically, the Government alleges as follows.  Ms. Brown did not provide a monthly supervision report for October, November, and December 2006.

3) Defendant shall notify the probation officer ten days prior to any change of residence or employment.  Specifically, the Government alleges as follows.  Ms. Brown moved from her residence at 605 Hall Street, Rusk, Texas on or before December 31, 2006.

4) Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.  Specifically, the Government alleges as follows.  On September 10, 2006, Ms. Brown was arrested by the Tyler Police Department for Possession of a Controlled Substance and failed to report the arrest to the U.S. Probation Office.

The Court scheduled a revocation hearing October 11, 2007.  At the hearing on the Government's petition and after consenting to the undersigned's taking the plea, Defendant pled true to the allegations as set forth above.  Based upon the Defendant's plea of true to the allegations and with no objection by the Defendant or the Government, the Court found Defendant violated her conditions of supervised release as alleged in the U.S. Probation Office's violation petition.

The Court thereafter recommended Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of nine (9) months with no term of supervised release to follow such term of imprisonment. Finally, the undersigned recommended the Court request the women's facility in Bryan, Texas for service of sentence.  Based on the foregoing, it is

**RECOMMENDED** that Defendant's plea of true to the allegations as set forth in the Government's petition be **ACCEPTED**. Further, it is

**RECOMMENDED** that Defendant's supervised release be **REVOKED**. Further, it is

**RECOMMENDED** that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of nine (9) months with no term of supervised release to follow such term of imprisonment. It is further

**RECOMMENDED** that the Court request the women's facility in Bryan, Texas for service of sentence.

The parties were informed of the right to file objections to the recommendations as set forth above. The parties waived their objections.

Defendant was also advised that she has the right to be present with counsel, to speak in her own behalf, and to have counsel speak in her behalf before any additional sentence is imposed. Defendant signed a written waiver of her right to be present and speak, and her right to have counsel present and speak, before the district judge imposes the recommended sentence.

**SIGNED this 11th day of October, 2007.**

_Caroline M. Craven_
CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE